IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| MELANIE A. KOHLI a/k/a | : | BANKRUPTCY NO.: 5-16-bk-03096-JJT |
| Melanie Ann Kohli f/k/a | : | |
| Melanie A. Mortimer, | : | |
| | : | |
| DEBTOR | : | |
| | : | |
| JOEL MORTIMER, | : | {<u>Nature of Proceeding</u>: Objection (#57) to |
| | : | Debtor's Third Amended Plan (#54)} |
| OBJECTOR | : | |
| | : | |
| vs. | : | |
| | : | |
| MELANIE A. KOHLI, | : | |
| | : | |
| RESPONDENT | : | |

# **OPINION**

The Debtor, Melanie Kohli, seeks confirmation of her Third Amended Chapter 13 Plan. A creditor, Joel Mortimer, has objected. Mortimer is the former spouse of the Debtor. While the Objector makes vague reference to the "bad faith" of the plan, the thrust of the Objection and the hearing thereon focuses on the Objector's contention that all of Debtor's projected disposable income is not committed to the proposed plan in violation of 11 U.S.C. § 1325(b)(1)(B).

Debtor's plan proposes to pay into the plan a total of $43,451.36. (Doc. #54.) Her 122C-2 statement, an official form completed by the Debtor to identify her disposable income, suggests that she has disposable income of $679.82 per month. (Doc. #41.) Because Debtor exceeds the median family income, this commitment must continue for 60 months. 11 U.S.C. § 1325(b)(4). The Debtor, therefore, calculates that, absent exceptional circumstances, she must

fund the plan by paying to the Trustee the minimum sum of $40,789.20.

The Debtor did not dispute the statutory requirement that disposable income, as defined by the Bankruptcy Code and based on historical income and expenses, be dedicated to the plan. Having said that, it was somewhat surprising that Debtor's testimony at the confirmation hearing centered around Schedule I and J which deal with income and expenses post petition. Focusing on post-petition income and expenses would certainly be relevant if the Debtor was seeking to propose a plan that paid less than the calculated disposable income based on historical figures as presented by Official Form 122C-2. *Hamilton v. Lanning*, 560 U.S. 505, 130 S. Ct. 2464, 177 L.Ed. 2d 23 (2010). If that is not the case, the issue before me is, simply, whether disposable income based on prepetition income and expense has been calculated properly. If the plan contribution is less than what I so calculate, I am compelled to sustain the Objection.

The Objector has argued that the Debtor has added a $1,131.63 mortgage payment to her list of allowable expenses on Official Form 122C-2. (Doc. #41 at page 5.) By signing this form, the Debtor has declared under penalty of perjury that she owes this debt secured by property she owns. In her response to the Objection, Debtor acknowledges that the secured property is owned by her non-filing spouse and not her. (Doc. #60.) The Objector also raised the issue that there was actually no car loan or lease accounting for the vehicle expense of $471 identified at Item 13 on Official Form 122C-2. Debtor, at hearing, later acknowledged that the automobile was purchased outright by taking a loan on her 401k pension plan. Both of these expense deductions must be disallowed.

At hearing, the Debtor made no effort to amend or even explain the figures used in Official Form 122C-2. Rather, the Debtor appears to abandon her effort to demonstrate

disposable income by reference to Official Forms 122C-1 and 122C-2, (average income and expenses over the 6 months prior to filing). At the hearing, the Debtor referenced her Amended Schedules I and J, presumably arguing that her current income and expenses have reduced her disposable income to a point where the current proposed plan is sufficient to comply with 11 U.S.C. § 1325(b)(1). A review of Schedules I and J calculate that the net income over expense amounts to $370.95 per month. (Doc. 58 at page 7.)

The Supreme Court case of *Hamilton v. Lanning* is instructive as to the methodology the bankruptcy courts should implement in order to ascertain projected disposable income. It is fairly clear that the Court embraces a mechanism that begins with the past average disposable income and expenses (Official Forms 122C-1 and 122C-2) and, in exceptional cases, make appropriate adjustments based on significant changes that are anticipated regarding the debtor's financial condition. *Hamilton v. Lanning*, 560 U.S. 505, 130 S. Ct. at 2471. In contrast to *Lanning*, Debtor's entire presentation at the hearing was that this Court should ignore "disposable income" as defined in § 1325(b)(2) and decide projected disposable income solely on the basis of Schedule I and J. That methodology is not acceptable. The Debtor must begin with disposable income as set forth in Official Form 122-C1, and then explain to the Court how changes in circumstance requires an appropriate adjustment to those discrete line items in Official Form 122-C1. The process actually utilized in this case implies that Schedules I and J should replace Official Forms 122C-1 and 122C-2 and ignores the rigid standards adopted by Congress in § 1325 (b).[1]

---

[1] "In making the calculation of disposable income, I am directed to deduct from income those amounts that are 'reasonably necessary' for support of the Debtors and the Debtors' dependents. 11 U.S.C. § 1325(b)(2). Use of the quoted term requires me to refer to 11 U.S.C. § 707(b)(2) for further details. 11 U.S.C.§ 1325(b)(3). Generally speaking, Section 707, in turn, allows standard deductions in three categories covered by the Internal Revenue

Had the Debtor conceded that she cannot fund a plan requiring the payment of disposable income because of a change in income and/or expenses, then I would have considered evidence relative to those future-looking Schedules I and J. Since the Debtor has not made that concession, my disposition is simply based on whether disposable income has been calculated correctly. It has not been because of the improper inclusion of the spouse's mortgage expense and the nonexisting car loan and, therefore, confirmation is denied.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: June 21, 2018

---

Manual (IRM). Those general categories are National Standards, Local Standards, and Other Necessary Expenses.

Internal Revenue Service National Standards have been established for five expense items–(1) food, (2) housekeeping supplies, (3) apparel and services, (4) personal care products and services, and (5) miscellaneous. IRM 5.15.1.8. As indicated at the IRS web page, all expenses except miscellaneous are derived from the Bureau of Labor Statistics Consumer Expenditure Survey. http://www.irs.gov/individuals/article/0,,id=96543,00.html. These allowances are for amounts based on family size without questioning the actual amount spent. The Bankruptcy Code provides that an additional allowance of 'up to 5%' may be allowed for food and clothing if reasonable and necessary. 11 U.S.C. § 707(b)(2)(A)(ii).

Local Standards set forth in the IRM cover housing, utility, and transportation expense. IRM 5.15.1.9. It may be debatable whether the allowance is capped at the actual expenditure or the standard, whichever is less. The standards, nevertheless, represent the maximum deduction. (*Ransom v. FIA Card Servs., N.A.*, – U.S. –, 131 S.Ct. 716, 728 n. 8, 178 L.Ed.2d 603 (2011)), except as otherwise provided. See 11 U.S.C. § 707(b)(2)(A)(ii)(V).

Actual monthly expenditures are allowed in those categories identified by the Internal Revenue Service as 'Other Necessary Expenses.' 11 U.S.C. § 707(b)(2)(A)(ii)(I). '[T]hey must provide for the health and welfare of the taxpayer and/or his or her family or they must be for the production of income. This is determined based on the facts and circumstances of each case.' IRM 5.15.1.10.

Should the Debtors be in Chapter 7 and their allowable deduction of these identified categories of expenses result in such net income that an abusive Chapter 7 filing is indicated, then the Bankruptcy Code permits the allowance of other expenses or adjustments of current monthly income as a 'special circumstance' should their situation allow for no reasonable alternative. 11 U.S.C. § 707(b)(2)(B)(i)." [Footnote omitted.]
*In re Gregory*, 452 B.R. 895, 897–98 (Bankr. M.D.Pa. 2011)